1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **CENTRAL DISTRICT OF CALIFORNIA**

9 **WESTERN DIVISION**

10

| | |
|---|---|
| M & M HART LIVING TRUST, Individually and on Behalf of All Others Similarly Situated; RANDI WILLIAMS,          Plaintiffs, | Case No. 2:17-cv-01479-PA-MRW |
| v. | <u>CLASS ACTION</u> |
| GLOBAL EAGLE ENTERTAINMENT, INC., DAVID M. DAVIS, and THOMAS E. SEVERSON, JR.         Defendants. | **STIPULATION OF SETTLEMENT** Hon. Percy Anderson |

18

19

20

21

22

23

24

25

26

27

28

**THIS STIPULATION OF SETTLEMENT,** dated October 4, 2018, is made and entered into by and among the following Settling Parties to this Litigation: (i) the Plaintiffs (on behalf of themselves and members of the Settlement Class), by and through counsel of record in the Litigation; and (ii) the Defendants, by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

On February 23, 2017, a putative class action complaint was filed against David M. Davis ("Davis"), Thomas E. Severson Jr. ("Severson") (the "Individual Defendants"), and Global Eagle, Inc. ("Global Eagle") (and collectively, with the Individual Defendants, "Defendants")[1] for claims under Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). ECF 1.

On May 19, 2017, Plaintiff M & M Hart Living Trust moved for appointment as lead plaintiff pursuant to 15 U.S.C. §78u-4. ECF 22.

On May 23, 2017, the Court issued an order to show cause requesting additional briefing in support of Plaintiff M & M Hart Living Trust's motion for lead plaintiff. ECF 23.

On May 25, 2017, Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6). ECF 24.

On June 5, 2017, Plaintiff M & M Hart Living Trust opposed Defendants' motion to dismiss and filed an amended complaint pursuant to Rule 15. ECF 29.

On June 8, 2017, the Court denied Defendants' motion to dismiss as moot.

---

[1] Michael Zemetra ("Zemetra") was also initially named as a defendant. On July 14, 2017, Plaintiff M & M Hart Living Trust voluntarily dismissed Zemetra. ECF 56.

1    ECF 31.

2           On June 19, 2017, Defendants moved to dismiss M & M Hart Living Trust's

3    amended complaint. ECF 36.

4           On June 26, 2017, the Court appointed Plaintiff M & M Hart Living Trust as

5    lead plaintiff. ECF 42.

6           On July 3, 2017, prior to receiving a decision from the Court in response to

7    Defendants' pending motion to dismiss, Plaintiff M & M Hart Living Trust moved

8    for leave to amend the amended complaint pursuant to Rule 15. ECF 47.

9           On July 10, 2017, Defendants moved to strike Plaintiff M & M Hart Living

10   Trust's motion for leave to amend. ECF 49.

11          On July 20, 2017, Plaintiff M & M Hart Living Trust moved to lift the

12   discovery stay in place pursuant to 15 U.S.C. §78u-4 in order to obtain information

13   from various confidential witnesses. ECF 66.

14          On August 18, 2017, the Court denied Plaintiff M & M Hart Living Trust's

15   motion to lift the discovery stay. ECF 75.

16          On August 20, 2017, the Court granted Defendants' motion to dismiss

17   Plaintiff M & M Hart Living Trust's amended complaint with leave to file a further

18   amended complaint by September 11, 2017. ECF 77.

19          On September 11, 2017, Plaintiffs M & M Hart Living Trust and Randi

20   Williams filed the second amended complaint. ECF 77.

21          On September 25, 2017, Defendants moved to dismiss the second amended

22   complaint pursuant to Rule 12(b)(6). ECF 81.

23          On October 30, 2017, the Court granted Defendants' motion to dismiss the

24   second amended complaint with prejudice and denied Plaintiffs leave to amend.

25   ECF 88, 89.

26

27                                  Stipulation of Settlement
                                 Case No. 2:17-cv-01479-PA-MRW
28                                              3

On November 30, 2017, following Global Eagle's publication of its annual report ("2016 Form 10-K") and definitive proxy statement for fiscal year 2016 ("2016 Proxy Statement"), Plaintiffs filed a motion to alter the Court's October 30, 2017 order to allow Plaintiffs to file a third amended complaint based on the new facts and evidence obtained in the 2016 Form 10-K and 2016 Proxy Statement. ECF 90. Plaintiffs attached a proposed third amended complaint to their motion. ECF 90-2.

On January 8, 2018, the Court denied Plaintiffs' motion to alter the judgment and file an amended complaint. ECF 99.

On January 29, 2018, Plaintiffs appealed the Court's orders dismissing the second amended complaint and denying leave to file the third amended complaint. ECF 100.

The parties negotiated a tentative settlement during the briefing process before the U.S. Court of Appeals for the Ninth Circuit and signed a memorandum of understanding on August 16, 2018.

On August 16, 2018, the parties filed a stipulation to voluntarily dismiss the appeal for the purpose of allowing the parties to seek approval of the settlement from the Court.

On September 10, 2018, the Ninth Circuit granted the parties' stipulation and conditionally dismissed the appeal.

## II.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the action have merit and that the evidence developed to date supports the claims. However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the action against Defendants through trial and

through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this action, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof, and possible defenses to the securities law violations asserted in the action. Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Settlement Class.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants believe that the claims asserted in the action are completely without merit. Defendants have denied and continue to deny any and all wrongdoing whatsoever and maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Defendants have denied, and continue to deny each and all of the claims alleged by Plaintiffs in the Litigation and deny that they have committed any of the wrongful acts or violations of law that are alleged in the Litigation, including that they made any material misrepresentations or omissions. Defendants deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants also deny, among other things, the allegations that the Plaintiffs or the Settlement Class have suffered damages and that the Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Consolidated Complaint or its predecessor complaints. In addition, Defendants have meritorious defenses to all claims alleged in the Litigation. Nonetheless, Defendants have agreed to enter into the Settlement

to avoid the expense, distraction, and time associated with continuing the Litigation. Defendants have concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Nothing in this Stipulation shall be construed or deemed to be an admission or concession on the part of Defendants with respect to any claim or any fault or liability or wrongdoing or damages whatsoever, or any infirmity in the defenses that Defendants have asserted or may assert.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, acting on behalf of themselves and all members of the Settlement Class, and Defendants, by and through their attorneys of record, that, subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), the Litigation, the Released Claims, and all matters encompassed within the scope of the releases set forth or referenced in this Stipulation shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to all Released Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

### **DEFINITIONS**

As used in this Stipulation, the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any member of the Settlement Class whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claimant" means any member of the Settlement Class who files a Proof of Claim and Release in such a manner, and within such time, as the Court shall prescribe.

1.3    "Claims" means any and all manner of claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, agreements, suits, fees, attorneys' fees, expert or consulting fees, debts, expenses, costs, sanctions, judgments, decrees, matters, issues and/or controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or previously existed, or may hereafter exist (including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, rule, or regulation relating to alleged fraud, breach of any duty, negligence, fraudulent conveyance, avoidance, violations of the Securities Act of 1933, as amended and rules promulgated thereunder, violations of the Securities Exchange Act of 1934, as amended and rules promulgated thereunder, violations of other federal securities laws, or otherwise), whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity.

1.4    "Claims Administrator" means Strategic Claims Services.

1.5    "Class Period" means the period between May 9, 2016 and March 16, 2017, inclusive.

1.6    "Complaint" means the initial complaint filed in the Litigation on February 23, 2017. ECF 1.

1.7     "Court" means the United States District Court for the Central District of California.

1.8     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 7.1 of the Stipulation have been met and have occurred.

1.9     "Escrow Account" means the interest-bearing account controlled by the Escrow Agent.

1.10    "Escrow Agent" means Strategic Claims Services.

1.11    "Fee and Expense Application" means the application or applications Lead Counsel may submit for an award of attorneys' fees not to exceed 25% of the Settlement Amount, plus expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court.

1.12    "Fee and Expense Award" means the order of the Court authorizing the payment from the Settlement Fund of Lead Counsel's attorneys' fees and expenses if and to the extent allowed by the Court.

1.13    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of **Exhibit B** attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed, or if such a motion is filed, an order denying such motion; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been noticed or taken; and (iii) if any appeal is taken, immediately after (a) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on

certiorari to review the Judgment, or (b) the date of final affirmance on appeal of the Judgment, the expiration of time for any further judicial review, whether, by appeal, reconsideration, or a petition for writ of certiorari and if, certiorari is granted, the date of final affirmance of the Judgment following review pursuant to such grant. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and/or expenses, the Plan of Allocation of the Settlement Fund, or the procedures for determining Authorized Claimants' recognized claims; any proceeding or appeal pertaining solely to one or more of these excluded issues shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.14 "Final Approval Hearing" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Settlement Class, and whether the Court should enter a Judgment approving the proposed Settlement.

1.15 "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, in the form attached hereto as **Exhibit B**, or such other substantially similar form agreed to by the Settling Parties and approved by the Court.

1.16 "Lead Counsel" means Levi & Korsinsky, LLP and Bronstein, Gewirtz & Grossman, LLC.

1.17 "Litigation" means this proceeding, *M&M Hart Living Trust et al. v. Global Eagle Entertainment et al.*, No. 17-CV-01479 (C.D. Cal.), on appeal No. 18-55122 (9th Cir.).

1.18 "Net Settlement Fund" means the Settlement Fund less (i) any Fee and Expense Award; (ii) notice and administration costs; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions that occur before distribution of the proceeds of the Settlement Fund to the Settlement Class.

1.19 "Notice" shall mean the Notice of Proposed Class Action Settlement, in the form annexed hereto as **Exhibit A-1** to the Preliminary Approval Order, or such other substantially similar form agreed to by the Settling Parties and approved by the Court.

1.20 "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.21 "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation, and Defendants and their Related Persons shall have no responsibility for the Plan of Allocation or its implementation and no liability with respect thereto.

1.22   "Plaintiffs" means M & M Hart Living Trust, appointed as lead plaintiff by order of the Court dated May 23, 2017 (ECF 23), and additional named plaintiff Randi Williams.

1.23   "Preliminary Approval Order" means the [Proposed] Order Granting Preliminary Approval of Settlement and Directing Dissemination of Notice to Settlement Class, in the form annexed hereto as **Exhibit A**, or such other substantially similar form agreed to by the Settling Parties, as entered by the Court.

1.24   "Proof of Claim and Release" means a completed Proof of Claim and Release, substantially in the form of **Exhibit A-2** attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release, submitted as required under ¶ 5.3 herein.

1.25   "Related Persons" of a Person or entity means any of that Person or entity's past, present or future directors, officers, employees, parents, partners, members, principals, agents, owners, fiduciaries, shareholders, related or affiliated entities, subsidiaries, divisions, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or bankers, personal or legal representatives, divisions, joint ventures, spouses, domestic partners, family members, heirs, estates, executors, devisees, legatees or any other person or entity acting or purporting to act for or on behalf of that Person or entity, and each of their respective predecessors, successors and assigns, and any trusts for which any of them are trustees, settlors, or beneficiaries.

1.26  "Released Claims" means any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding by on or behalf of any of the Releasing Parties against any one or more of the Released Parties, whether any such Released Parties were named, served with process, or appeared in the Action, which directly or indirectly arise out of or relate to (i) the Action and (ii) any claims in connection with, based upon, arising out of, or relating to the Settlement (but excluding any claims to enforce the terms of the Settlement).

1.27  "Released Parties" means (A) Global Eagle, its past, present and future, direct or indirect, parent entities, associates, affiliates (including PAR Investment Partners, L.P. and ABRY Partners and their affiliates and managed investment funds), and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors and employees, and in their capacity as such, each and all of their underwriters, advisors, attorneys, auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (B) the Individual Defendants and their respective present, past and future spouses, parents, siblings, children, grandparents, and grandchildren, the present, past and future spouses of their respective parents, siblings and children, and the present, past and future parents and siblings of their respective spouses, including step and adoptive relationships; (C) any and all persons, firms, trusts, corporations, and other entities in which any of the Defendants or any past, present, and future directors or officers of Global Eagle has a financial interest or was a sponsor, founder, settler or creator of the entity, and, in their capacity as such, any and all officers,

directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation or other entity; and (D) in their capacity as such, the legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any of the foregoing.

1.28   "Releasing Parties" means the Plaintiffs, each and every member of the Settlement Class and each of their respective Related Persons.

1.29   "Settlement" means the settlement between Plaintiffs, on behalf of themselves and the members of the Settlement Class, and the Defendants on the terms set forth in this Stipulation.

1.30   "Settlement Amount" means One Million One Hundred Thousand Dollars ($1,100,000).

1.31   "Settlement Class" means, for purposes of this Settlement, and to be certified pursuant to Fed. R. Civ. P. 23, for purposes of effectuating this Settlement only: all persons or entities, including, without limitation, their beneficiaries, that purchased or otherwise acquired Global Eagle common stock during the Class Period, excluding (i) Global Eagle and any of its affiliates during the Class Period (including PAR Investment Partners, L.P. and ABRY Partners and their affiliates and managed investment funds); (ii) the Individual Defendants and any entity in which any Individual Defendant has a controlling interest; (iii) any officers or directors of Global Eagle during or after the Class Period; (iv) any Persons who or which exclude themselves by submitting a request for exclusion that is accepted by the Court; and (v) any members of the immediate families of and the legal representatives, agents, affiliates, heirs,

beneficiaries, successors-in-interest, or assigns of any such excluded party in their capacity as such. The Class shall be certified for purposes of this Settlement only. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Proposed Class Action Settlement.

1.32  "Settlement Fund" means the principal amount of One Million One Hundred Thousand Dollars ($1,100,000), plus any accrued interest earned thereon.

1.33  "Settling Parties" means, collectively, Defendants and Plaintiffs on behalf of themselves and the members of the Settlement Class.

1.34  "Stipulation" means this Stipulation of Settlement, including the recitals and Exhibits hereto, each of which is incorporated by reference as though set forth in the Stipulation itself.

1.35  "Summary Notice" means the summary notice describing the Settlement of the Litigation and the hearing on the Settlement, in the form annexed hereto as **<u>Exhibit A-3</u>** to the Preliminary Approval Order, or such other substantially similar form agreed to by the Settling Parties and approved by the Court.

1.36  "Supplemental Agreement" means the confidential agreement executed between Lead Counsel and Defendants' counsel allowing for the termination of this Settlement under certain circumstances.

1.37  "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund.

1.38  "Tax Expenses" means any tax-related expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax

returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶ 2.9.

     1.39 "Unknown Claims" shall mean all Claims of every nature and description which any Settlement Class member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to opt-out or object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date (defined below), the Plaintiffs shall expressly waive, and each of the Settlement Class members shall be deemed to have waived, and by operation of the Final Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiffs shall expressly waive and each of the Settlement Class members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. The Plaintiffs and/or one or more Settlement Class members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Plaintiffs shall expressly fully, finally

and forever settle and release, and each Settlement Class member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiffs acknowledge, and the Settlement Class members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## THE SETTLEMENT

### *The Settlement Fund*

2.1    In consideration of the terms of this Stipulation, Defendants or their designee shall, within thirty (30) days of the entry of the Preliminary Approval Order granting preliminary approval of the Settlement or within thirty (30) days of provision of wire instructions and a W-9 by Lead Counsel (whichever date is later), deposit the sum of $1,100,000 (One Million One Hundred Thousand Dollars) into the Escrow Account.

2.2    The payment described in ¶ 2.1 is the only payment to be made by or on behalf of Defendants in connection with this Settlement. All fees, costs, and expenses incurred by or on behalf of the Plaintiffs and the Settlement Class associated with this Settlement, including, but not limited to, Taxes, Tax

Expenses, any administrative costs and costs of providing notice of the Settlement to members of the Settlement Class, and any award of attorneys' fees and expenses of Lead Counsel shall be paid from the Settlement Fund, and in no event shall Defendants or their Related Persons bear any additional responsibility or liability for any such fees, costs, or expenses.

2.3     This is not a claims-made settlement. Upon the occurrence of the Effective Date, neither Defendants nor any person or entity that paid any portion of the Settlement Fund on their behalf shall have any right of the return of the Settlement Fund or any portion thereof irrespective of the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. In no instance shall any of the Defendants or their Related Persons be required to pay any amount in excess of the Settlement Amount.

### The Escrow Agent

2.4     The Escrow Agent shall invest the Settlement Amount(s) deposited pursuant to ¶ 2.1 hereof in short term United States agency or other Treasury securities or other instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund shall be borne by the Escrow Agent, and the Defendants or their Related Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent.

2.5    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation or by an order of the Court.

2.6    Subject to further order and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.7    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to this Stipulation and/or further order(s) of the Court.

2.8    Without further order of the Court, the Settlement Fund may be used by Lead Counsel to pay required taxes and tax expenses and to pay administrative costs in connection with the Settlement up to $100,000 (one hundred thousand dollars). If the Effective Date does not occur, the Settlement Fund will be returned to Defendants, less the costs or expenses incurred in connection with providing notice to the Settlement Class and administering the Settlement. In no event shall Defendants or their Related Persons have any responsibility or liability for the administration of the Settlement Fund.

***Taxes***

2.9    (a) The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.9, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations.

It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the election described in ¶ 2.9(a) hereof) shall be consistent with this ¶ 2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.9(c) hereof.

(c)     All Taxes and Tax Expenses shall be paid out of the Settlement Fund; in no event shall the Defendants or their Related Persons, their counsel, or their insurers have any responsibility for, or liability whatsoever with respect to, the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Defendants or their Related Persons harmless for any Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of

adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Defendants or their Related Persons, their counsel, nor their insurers are responsible, nor shall they have any liability, with respect to any Taxes or Tax Expenses. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

### *Termination of the Settlement*

2.10   In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason (*see infra* ¶¶ 7.1-7.6), the Settlement Amount, including accrued interest, less any expenses and taxes paid, incurred or due and owing in connection with notice and administration of the Settlement shall be refunded to such Persons that paid the Settlement Amount(s) pursuant to written instructions from Defendants' counsel to the Escrow Agent in accordance with ¶ 7.4 herein.

2.11   Promptly after execution of the Stipulation and no later than September 28, 2018, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court, and Lead Counsel shall apply for entry of the Preliminary Approval Order, substantially in the form of **Exhibit A** attached hereto, requesting, among other things, the preliminary approval of the Settlement set forth in the Stipulation; approval for mailing the Notice, in the form of **Exhibit A-1** attached hereto, or such other substantially similar form agreed to by the Settling Parties and approved by the Court; and publication of the Summary Notice, in the form of **Exhibit A-3** attached hereto, or such other substantially similar form agreed to by the Settling Parties and approved by the Court.

2.12   Lead Counsel shall request that, after notice is given, the Court hold a Final Approval Hearing to consider and determine whether to approve the Settlement pursuant to the terms of this Stipulation as fair, reasonable, and adequate, and whether the Judgment, substantially in the form of **Exhibit B** attached hereto, should be entered approving the Settlement as set forth herein and dismissing the Litigation with prejudice. At or after the Final Approval Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**CERTIFICATION OF THE SETTLEMENT CLASS**

3.1   Solely for purposes of this Settlement, and subject to approval by the Court, the Settling Parties agree that the Settlement Class shall be certified and Plaintiffs and Lead Counsel shall be appointed as representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23, as set forth in the Preliminary Approval Order. For settlement purposes only, and for no other purpose than as set forth in and to effectuate this Stipulation, Defendants will not object to such certification on the terms set forth in this Stipulation. If the Settlement Class is not certified, the Litigation will, for all purposes with respect to the Settling Parties, revert to its status as of the day immediately preceding the execution of the Stipulation. In such event, (i) Defendants will not be deemed to have consented to the certification of any class, (ii) the Stipulation concerning the class definition or class certification shall not be used as evidence or in an argument in support of class definition or class certification, and (iii) Defendants will retain all rights to oppose class certification.

**RELEASES**

4.1    The satisfaction of the obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and any and all Released Claims.

4.2    Upon the Effective Date, the Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

4.3    Upon the Effective Date, Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Claims (including Unknown Claims) by Defendants against Plaintiffs and Plaintiffs' counsel which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action. This release, however, shall not bar Defendants or any Released Party from

bringing any action or claim to enforce the terms of the Settlement or Final Judgment.

4.4     Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of Defendants with respect to their insurers and/or the insurers' Related Persons, including, but not limited to, any rights or claims under any directors' and officers' liability insurance or other applicable insurance coverage maintained by Global Eagle.

## ADMINISTRATION AND CALCULATION OF CLAIMS AND SUPERVISION AND DISTRIBUTION OF SETTLEMENT FUND

5.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by members of the Settlement Class and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay the fees and expenses reasonably and actually incurred in connection with providing notice, including:

i.     Printing and mailing of the Notice and Proof of Claim and Release to the Settlement Class;

ii.     Publication of the Summary Notice;

iii.     The Claims Administrator's costs and fees for services performed in connection with the administration of the Settlement contemplated by this Stipulation;

iv.     Costs to reimburse brokers or nominees in connection with dissemination of the Notice to the Class;

v.      Fees and expenses reasonably and actually incurred in locating members of the Settlement Class;

(b)      to pay the fees and expenses reasonably and actually incurred in connection with assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, and processing Proofs of Claim and Releases;

(c)      to pay escrow fees and costs, if any;

(d)      to pay Taxes and Tax Expenses;

(e)      after the Judgment is Final, to pay the Fee and Expense Award; and

(f)      after the Effective Date, to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation and Plan of Allocation, as approved by the Court.

5.3      After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following: Within one hundred ten (110) days of the date of the Preliminary Approval Order or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of **<u>Exhibit A-2</u>** attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release. All Proofs of Claim and Releases must be submitted by the date specified in the Notice, unless such period is extended by the Court.

5.4    Except as otherwise ordered by the Court, all members of the Settlement Class who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims so long as distribution of the Net Settlement Fund is not materially delayed thereby.

5.5    The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be, subject to the payment of any additional previously unreimbursed fees, costs, and expenses related to the administration of the Settlement, donated to an appropriate, non-profit 501(c)(3) charitable organization as determined by Lead Counsel.

5.6    Defendants, their counsel, and their insurers shall have no role in, responsibility for, interest in, or liability with respect to any of the following: (i) any act, omission, or determination of Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with administering the Settlement; (ii) the management, investment,

or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the review, determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or filing of any returns. No Person shall have any claim of any kind against the Released Parties with respect to the administration, investment, distribution, and/or supervision of the Settlement Fund, and Plaintiffs, the members of the Settlement Class, and Lead Counsel release Defendants their counsel, and their insurers from any and all liability arising from or with respect to the administration, investment, distribution, and/or supervision of the Settlement Fund. Notwithstanding, Defendants shall provide to Plaintiffs a list of Global Eagle's record stockholders in advance of the notice deadline set by the Court.

5.7    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. It is further understood and agreed by the Settling Parties that any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect or delay the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein (including the releases contained herein), or any other orders entered pursuant to this Stipulation.

## **LEAD COUNSEL'S ATTORNEYS' FEES AND EXPENSES**

6.1    Lead Counsel may submit the Fee and Expense Application for an award of attorneys' fees not to exceed 25% of the Settlement Amount, plus expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court. Lead Counsel reserves the right to make additional applications for fees and expenses incurred in connection with the preservation of the Settlement Fund and/or the administration of the Settlement. Defendants and their Related Persons shall have no obligation to pay any portion of Lead Counsel's attorneys' fees or Litigation Expenses, aside from payment of the Settlement Amount, and take no position with respect to Lead Counsel's Fee and Expense Application.

6.2    The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court. Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel on the first business day after entry of the Order awarding such attorneys' fees and expenses and entry of the Judgment, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof. Lead Counsel shall allocate any Court awarded attorneys' fees and expenses.

6.3    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall

within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund (less the deductions provided in ¶¶ 2.9 and 2.10) to the Settlement Fund the fees and expenses previously paid to Lead Counsel from the Settlement Fund, plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal or modification. Lead Counsel receiving fees and expenses, agree as a condition of receiving such fees and expenses, that they are subject to the jurisdiction of the Court for the purpose of enforcing this paragraph.

6.4    The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth herein.

6.5    The Defendants and their Related Persons shall have no responsibility for, or liability with respect to, the payment of any Fee and Expense Award to Lead Counsel out of the Settlement Fund.

6.6    The Defendants and their Related Persons shall have no responsibility for the allocation of any Fee and Expense Award among Lead Counsel and/or any other Person who may assert some claim thereto, and the

Defendants and their Related Persons take no position with respect to such matters.

## CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

7.1     The Effective Date of this Stipulation shall be the date when all of the following shall have occurred and is conditioned on the occurrence of all of the following events:

(a)    Preliminary approval of the Settlement by the District Court;

(b)    Global Eagle has not exercised its option to terminate the Settlement pursuant to the provisions of the Stipulation or Supplemental Agreement Final District Court approval of the Settlement contemplated by the Stipulation and approving the grant of a release by the Releasing Parties, including the Class, to the Released Parties of the Released Claims;

(c)    Entry of final judgment consistent with the Final Order and without the award of any damages, costs, fees, or the grant of any further relief except for an award of fees and expenses, substantially in the form of **Exhibit B** attached hereto, or such other substantially similar form agreed to by the Settling Parties; and

(d)    The Final Judgment becoming final, which shall occur one business day following the later of (i) the Judgment being finally affirmed on appeal or (ii) the Judgment not being subject to appeal (or further appeal) by lapse of time or otherwise The Court has entered the Judgment.

7.2     Upon the occurrence of all of the events referenced in ¶ 7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions

specified in ¶ 7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶ 7.5 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to otherwise proceed with the Stipulation.

7.3    Defendants shall have the option in their sole discretion to terminate the Settlement in the event that Persons who purchased more than a certain amount of shares of Global Eagle common stock during the Class Period choose to exclude themselves from the Settlement Class, as set forth in a separate agreement executed between Lead Counsel and Defendants' counsel, which is incorporated by reference into this Stipulation. The Supplemental Agreement will be "Confidential" and will not be filed with the Court unless requested by the Court or unless a dispute among the Settling Parties concerning its interpretation or application arises and, in that event, the parties shall request that the Supplemental Agreement be filed and maintained under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.

7.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or the Effective Date shall not occur for any reason, then within ten (10) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any expenses and costs reasonably and actually incurred pursuant to ¶ 2.9 and Taxes and Tax Expenses that have been paid pursuant to ¶ 2.10 hereof, shall be refunded by Lead Counsel to the entity or entities that provided the funds, based on their *pro rata* contribution to the Settlement Fund, as indicated in writing to Lead Counsel and

the Escrow Agent by Defendants' counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, in a similar *pro rata* manner, pursuant to written instructions from Defendants' counsel.

7.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective for any reason, the Settling Parties shall be deemed to have reverted to their respective status and litigation positions in the Litigation as of the date and time immediately prior to the execution of this Stipulation. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any Fee and Expense Award shall constitute grounds for cancellation or termination of the Stipulation.

7.6     Notwithstanding any provision herein to the contrary, if the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed pursuant to ¶¶ 2.9-2.10 hereof. In addition, any expenses already incurred and properly chargeable pursuant to ¶ 2.9 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the

Stipulation prior to the balance being refunded in accordance with ¶¶ 2.11 and 7.4 hereof.

**NO ADMISSION OF WRONGDOING**

8.1    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Judgment will contain a finding that, during the Course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

8.2    Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including its exhibits, all negotiations, discussions, drafts, and proceedings in connection with this Settlement, and any act performed or document signed in connection with the Settlement, shall not, in this or any other court, administrative agency, arbitration forum, or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of:  (i) any acts of wrongdoing or lack thereof; (ii) any liability on the part of any of the Defendants or the Released Parties to Plaintiffs, the Settlement Class, or anyone else; (iii) any deficiency of any claim or defense that has been or could have been asserted in the Litigation; or (iv) any damages, or lack of damages, suffered by Plaintiffs, the Settlement Class, or anyone else.

8.3    The Stipulation and the Settlement contained herein, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (i) is not nor may be deemed to be nor may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; and (ii) is not nor may be deemed to be nor may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and their Related Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

8.4    The Stipulation and the Settlement contained herein, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (i) shall not be construed against any Released Parties, Plaintiffs, or any other member of the Settlement Class as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could or would have been recovered after trial; and (ii) shall not be construed as or admitted in evidence as an admission, concession, or presumption against Plaintiffs or any other member of the Settlement Class that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

## **MISCELLANEOUS PROVISIONS**

9.1     Except in the event of the filing of a termination notice in accordance with the parties' Supplemental Agreement, the Settling Parties (i) acknowledge that it is their intent to consummate this Settlement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2     The Settling Parties and their counsel represent that they will not encourage or otherwise influence any Settlement Class Members to request exclusion from, or object to, the Settlement.

9.3     Pending final determination of whether the Stipulation should be approved, Lead Counsel, Plaintiffs, and the members of the Settlement Class are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Parties.

9.4     The Settling Parties shall not assert or pursue any action, claim or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure in connection with the Action, the Settlement, the Stipulation or the Supplemental Agreement.  The Settling Parties agree that the Action was resolved in good faith following arm's-length bargaining.

9.5     Plaintiffs' counsel represents and warrants that the Plaintiffs are Settlement Class Members and none of the Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action,

have been assigned, encumbered or in any manner transferred in whole or in part.

9.6    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.7    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.8    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.9    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.10    The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Settling Party shall bear its own costs.

9.11    Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be

taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class that they deem appropriate.

9.12   Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so.

9.13   Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

9.14   The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

9.15   The Stipulation may be executed in one or more counterparts, including by signature transmitted by email in pdf format. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

9.16   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.17   The Released Parties who do not appear on the signature lines below, including but not limited to the Individual Defendants, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement and

have the same rights to enforce this Stipulation and Settlement as the signatories hereto.

9.18   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.19   The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of October 4, 2018.

[Signatures on following page]

DATED:  October 4, 2018

_____

Adam M. Apton
Levi & Korsinsky, LLP

Shimon Yiftach
Bronstein, Gewirtz & Grossman

*Counsel for Plaintiffs M&M Hart*
*Living Trust and Randi Williams and*
*Co-Lead Counsel for the Class*

DATED:  October 4, 2018

_____

Stephen P. Blake
Simpson Thacher & Bartlett LLP

*Counsel for Defendants Global Eagle*
*Entertainment, Inc., David M. Davis,*
*and Thomas E. Severson, Jr.*

Stipulation of Settlement
Case No. 2:17-cv-01479-PA-MRW
38